UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAVIJAR HOLLIS,<br>　　　　Plaintiff,<br>　　v.<br>CARLOS G. BOLANOS, et al.,<br>　　　　Defendants. | Case No. 22-cv-00769-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff Tavijar Hollis failed to exhaust his administrative remedies prior to filing this 42 U.S.C. § 1983 action. Accordingly, the action is DISMISSED without prejudice to Hollis moving to reopen and filing an amended complaint after he has exhausted his administrative remedies.

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

Hollis alleges that in January 2022 his jailors at the San Mateo County Sheriff's Office knowingly brought five COVID-positive inmates into the general population and housed them with COVID-negative inmates, thereby putting at risk plaintiff and his fellow inmates. (Compl., Dkt. No. 1 at 2-6.)

Hollis admits that he has not exhausted or attempted to exhaust his administrative remedies. (*Id.* at 2.) This fact bars his suit from proceeding at this time. The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). Compliance with the exhaustion requirement is "mandatory," *Porter v. Nussle*, 534 U.S. 516, 524 (2002), and is "no longer left to the discretion of the district court," *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Courts may not create their own "special circumstances" exceptions to the exhaustion requirement. *Ross v. Blake*, 578 U.S. 632, 639 (2016) (reversing Fourth Circuit's ruling that failure to exhaust was justified where prisoner reasonably—even though mistakenly—believed he had exhausted remedies). Even "[w]hen a prison inmate seeks injunctive relief, a court need not ignore the inmate's failure to take advantage of adequate prison procedures, and an

inmate who needlessly bypasses such procedures may properly be compelled to pursue them." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *see Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

Accordingly, this suit will be dismissed without prejudice.

## CONCLUSION

This 42 U.S.C. § 1983 action is DISMISSED without prejudice to Hollis moving to reopen the suit after he has exhausted his administrative remedies. Any such motion must (i) have the words MOTION TO REOPEN written on the first page; and (ii) contain an amended complaint in which Hollis makes it clear he has exhausted his administrative remedies. The amended complaint must include the caption and civil case number used in this order (22-00769 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. The amended complaint must also appear on this Court's form. Because an amended complaint completely replaces the previous complaints, Hollis must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Hollis may not incorporate material from any prior complaint by reference.

The Clerk shall enter judgment in favor of defendants and close the file.

**IT IS SO ORDERED.**

**Dated:** May 17, 2022

WILLIAM H. ORRICK
United States District Judge